IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50010
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOEL BERMUDEZ-REYES,

Defendant-Appellant.


\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*


_____

No. 96-50218
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS MANUEL NEVAREZ-PUENTES, a/k/a
Samuel Navarro-Puentes,

Defendant-Appellant.

- - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-95-CR-300-ALL
USDC No. EP-95-CR-518
- - - - - - - - -
August 13, 1996
Before KING, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

In this consolidated appeal, Joel Bermudez-Reyes and Luis Manuel Nevarez-Puentes appeal their sentences for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. They argue, based on their interpretation of an aggravated felony under 8 U.S.C. § 1101(a)(43), that their prior convictions were not aggravated felonies because these convictions occurred before the effective date of the 1990 amendments to the immigration laws. The issue is foreclosed by United States v. Garcia-Rico, 46 F.3d 8, 9-10 (5th Cir.), cert. denied, 115 S. Ct. 2596 (1995).

Nevarez-Puentes argues that his prior conviction which resulted in a five-year suspended sentence is not an aggravated felony under § 1101(a)(43) because his probation for that sentence was revoked and he served a one-year prison sentence. We conclude that the district court correctly determined that the prior conviction was an aggravated felony. See United States v. Vasquez-Balandran, 76 F.3d 648, 649-51 (5th Cir. 1996).

AFFIRMED.